# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:18CR00025-017 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **BRIANNA NICOLE WOODBY,**  ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant.  ) | |

*John T. Stanford, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, filed a pro se document on June 9, 2020, that I construe as a motion seeking compassionate release from her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). By Order entered June 11, 2020, I granted the defendant leave to provide further necessary information in order to allow the court to adequately consider the motion. The Federal Public Defender has now entered an appearance for the defendant and filed a response to the court's Order, making the defendant's motion ripe for decision.

The defendant was sentenced by this court by judgment entered on July 9, 2019, to 60 months imprisonment, after pleading guilty to conspiring to possess with intent to distribute methamphetamine. By Amended Judgment entered April 15, 2020, her sentenced was reduced to 48 months. The defendant's projected release

date is February 22, 2022. She is now 22 years old and is confined at FCI Tallahassee. That federal prison has had no inmate cases of Covid-19. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 6, 2020).

The court may grant a § 3582(c)(1)(A) motion by an inmate after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. I have held that the proper interpretation of § 3582(c)(1)(A) is to excuse full exhaustion of administrative remedies only if 30 days have elapsed without any response by the warden to the inmate's request. In other words, when a warden denies an inmate's request within 30 days, the inmate must exhaust the full administrative remedies to appeal the warden's denial before filing in court.

Defendant's counsel concedes that he has no knowledge that defendant previously submitted a request to her warden, but counsel did submit a request to the warden on her behalf on July 2, 2020. Counsel also states that after reviewing her medical records, he does not believe that the defendant possesses any medical issues at the present time that makes her more susceptible to Covid-19.

Because the defendant has not exhausted her administrative remedies, her motion, ECF Nos. 1139, 1163 are DENIED without prejudice.

-3-

It is so **ORDERED**.

ENTER: July 7, 2020

/s/  JAMES P. JONES
United States District Judge